**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ILANIT RUBIN

        Plaintiff,

v.                                                      Case No. 12-cv-12832
                                                         Honorable Denise Page Hood

FANNIE MAE,

        Defendant,

and

FEDERAL HOUSING FINANCE AGENCY,

        Intervenor.

_____/

**ORDER GRANTING MOTIONS TO DISMISS AND DISMISSING CASE**

**I.    INTRODUCTION**

This matter involves a challenge to a Sheriff's Sale. Now before the Court is Defendant Federal National Mortgage Association's ("Fannie Mae") and Intervenor Federal Housing Finance Agency's ("FHFA") Motions to Dismiss, both filed on September 10, 2012. This matter has been fully briefed and is now appropriate for decision. For the reasons stated below, the Motions to Dismiss are GRANTED.

**II.   STATEMENT OF FACTS**

In September 2006, Plaintiff Ilanit Rubin obtained a $380,000 mortgage loan from Capital Mortgage Financing, LLC for a certain property in West Bloomfield, Michigan. As security on the loan, Rubin granted Mortgage Electronic Registration Systems (MERS) a mortgage on the property. The mortgage was recorded on October 18, 2006 at the Oakland County Register of Deeds. The

Note was purchased by Countrywide Bank, which later merged with Bank of America, NA.

On January 28, 2010, MERS assigned the mortgage to BAC Home Loans Servicing LP, which was a predecessor to Bank of America, NA and servicer for Fannie Mae. At some point, Rubin defaulted on the loan and BAC foreclosed by advertisement. Bank of America purchased the home at Sheriff's Sale on September 20, 2011. The property was quitclaimed to Fannie Mae on October 12, 2011. Rubin did not redeem the property within the six-month redemption period and title vested in Fannie Mae.

Fannie Mae brought an eviction action in 48th District Court against Rubin on March 27, 2012. Rubin filed a Counter-Complaint against Fannie Mae on April 11, 2012 alleging: Injunctive Relief (Count I); Declaratory Relief – Defendant's Violations of Equal Protection and Due Process (Count II); Violation of 42 U.S.C. § 1983 (Count III); Denial of Equal Protection of Law (Count IV); and Slander of Title/Quiet Title (Count V). Rubin filed a Notice of Removal on April 15, 2012 but the parties stipulated to remand the action back to the 48th District Court on May 21, 2012. The 48th District Court severed the Counter-Complaint and transferred it to the Oakland County Circuit Court and Fannie Mae removed the action to this Court on June 27, 2012.

In her responses, Rubin concedes all of her claims with the exception of the due process, over-bidding, and standing claims.[1] Rubin further provides no defense to FHFA's arguments on the merits of Rubin's due process and section 1983 claims.

III.    ANALYSIS

---

[1] Rubin states that "[f]or purposes of this response, [she] is dropping her equal protection claims." [Docket No. 12, Pg ID 546]. "Rubin [further] concedes that the foreclosing lender, BAC Home Loans . . . was the servicer of the Rubin Note and Mortgage and the commencement of the foreclosure proceedings in compliance with Chapter 32 of Michigan Complied Laws, rendering moot most of the arguments raised in the Complaint, except whether the overbid of the property at the Sheriff's Sale violated MCL 600.3228." [Docket No. 13, Pg ID 593].

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).[1]

### A.     Rubin Has Not Stated a Claim for Violation of Section 600.3228

Rubin argues that BAC, who is not a party to this action, bid more than 50 percent more than the fair market value of the property. She contends that this bid was not made in good faith because she did not have a reasonable opportunity to redeem the property. MICH. COMP. LAWS § 600.3228 provides: "The mortgagee, his assigns, or his or their legal representatives, may, fairly and in good

---

[1] Defendants have attached several documents to their motion to dismiss. In deciding a motion to dismiss, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and central to the claims contained therein." *Bassett v. Nat'l Collegiate Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Federal Rule of Civil Procedure 10(c) provides that a copy of the written instrument is "part of the pleading for all purposes." The plaintiff is not required to attach the written instrument. *Weiner v. Klais & Co*., 108 F.3d 86 (6th Cir. 1997). The defendant may attach the written instrument if the plaintiff fails to do so and it will be considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co*., 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). The Court will proceed with its analysis pursuant to Rule 12(b)(6).

faith, purchase the premises so advertised, or any part thereof, at such sale."

The Court cannot hold Fannie Mae liable for the alleged misconduct of Bank of America. It was Bank of America and not Fannie Mae that bid on the property at the Sheriff's Sale. However, absent this consideration, Rubin claim still fails. Fannie Mae or Bank of American may bid the full amount due at the Sheriff's Sale which is applied as a credit against the amount owed. The Bank cannot then go after Rubin for any of the remaining collateral due. *In re Miller*, 442 B.R. 621, 630-33 (W.D. Mich. 2011). This actually helps Rubin who is no longer liable for the debt. This is the law in Michigan and many other jurisdictions. *Id.* at 632. The Court dismisses this claim.

**B.    Fannie Mae is Not a Government Actor**

Rubin argues that Fannie Mae is a 100 percent federal government operated and controlled entity and that it denied Rubin of her property with due process of the law. FHFA contends that Fannie Mae is a private entity and, therefore, Rubin cannot maintain her due process claim against it. FHFA asserts that the appropriate test to determine whether Fannie Mae is a governmental entity is discussed in the Supreme Court case *Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374 (1995). Rubin counters that the Court should apply the standard from the pre-*Lebron Northrip v. Federal National Mortgage Ass'n*, 527 F.2d 23 (6th Cir. 1975).

It is well established that Rubin cannot maintain her constitutional claims against Fannie Mae absent state action. *See Northrip*, 527 F.2d at 25 ("a predicate to finding a due process violation is a finding of state action.") In *Northrip*, the Sixth Circuit considered whether there was "a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Id.* at 32 (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 315 (1974)). The Sixth Circuit found that Federal National Mortgage Association (FNMA) was not a state actor. It noted that later inquiries may "hinge[] on

the weighing of a number of variables, principally the degree of government involvement, the offensiveness of the conduct, and the value of preserving a private sector free from the constitutional requirements applicable to government institutions." *Id.* at 33 (quoting *Wahba v. New York University*, 492 F.2d 96, 102) (2d Cir. 1974)).

Twenty years later in *Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374 (1995), the Supreme Court found that Amtrack was a governmental entity for the purposes of a First Amendment challenge. The Supreme Court held that the test to determine whether a corporation is an arm of the government is to determine whether "the Government creates a corporation by special law, for the furtherance of government objections, and retains for itself permanent authority to appoint a majority of the directors of that corporation, the corporation is part of the Government . . . ." *Id.* at 400. Therefore, the Court must consider: "(1) Creation: Did the government create the corporation by a special law? (2) Objectives: Was the corporation created for the furtherance of governmental objectives? (3) Control: Did the government retain for itself permanent authority to appoint a majority of the directors of the corporation?" *Parrett v. Southeastern Boll Weevil Eradication Found.,* 155 Fed. App'x. 188, 192 (6th Cir. 2005) (citing *Lebron*, 513 U.S. at 400). The Court finds that there is no reason to ignore clear Supreme Court precedent in favor of a standard decided twenty years earlier.

The question has already been considered by the District Court for the District of Columbia. Applying the *Lebron* factors, it found that pre-conservatorship Fannie Mae was not a governmental entity. *Herron v. Fannie Mae*, 857 F.Supp.2d 87, 92 (D.D.C. 2012). The Court noted that the government did not retain permanent authority to appoint a majority of Fannie Mae's directors and that it was publicly traded on the New York Stock Exchange. *Id.* at 93. The court also found that post conservatorship Fannie Mae was also a private entity because FHFA stepped into Fannie Mae's

shoes and, therefore, took on the private status of Fannie Mae. *Id.* at 94. The Court finds that Fannie Mae is not a federal actor and dismisses Rubin's constitutional claims. Even if the Court were to find that Fannie Mae is a federal actor for the purpose of Rubin's due process claim, the Sixth Circuit has already found that Michigan's foreclosure by advertisement statue comports with the requirements of due process. *Sutton v. United States SBA*, 92 Fed. App'x 112, 121 (6th Cir. 2003).

**C.     Plaintiff Cannot Challenge the Sheriff's Sale Absent Some Irregularity**

Fannie Mae argues that Rubin cannot challenge the Sheriff's Sale after the expiration of the redemption period. In Michigan, once a foreclosure is complete, all rights and title vest in the purchaser. *See* MICH. COMP. LAWS § 600.3236. A former owner loses "all [his] right, title, and interest in and to the property at the expiration of [his] right of redemption." *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942). When the redemption period expires, a former owner can no longer assert a claim with respect to the property. *See Overton v. Mortgage Electronic Registration Systems, Inc.*, No. 284950, 2009 Mich. App. LEXIS 1209, *3–4 (Mich. Ct. App. May 28, 2009) (unpublished).

A former owner may challenge the validity of the foreclosure in summary eviction proceedings. *Reid v. Rylander*, 258 N.W. 630, 631 (Mich. 1935). She may only challenge the sale itself and not any other underlying equities. *Id.* Relying on *Reid*, the Michigan Court of Appeals later noted that without the ability to challenge the foreclosure proceeding, "the typical mortgagor who faces an invalid foreclosure would be without remedy, being without the financial means to pursue the alternate course of filing an independent action to restrain or set aside the sale." *Manufacturers Hanover Mortg. Corp. v. Snell*, 370 N.W.2d 401, 404 (Mich. Ct. App. 1985) (citing *Reid*, 258 N.W at 631). However, it " require[s] a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *United States v. Garno*, 974 F.Supp.

628, 633 (E.D. Mich. 1997); *see also Senters v. Ottawa Savings Bank, FSB*, 503 N.W.2d 639, 643–644 (Mich. 1993); *Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 659 (Mich. Ct. App. 2007) (quoting *Garno*, 974 F.Supp. at 633). Absent these circumstances, the Court cannot equitably extend the redemption period. *Overton*, 2009 Mich. App. LEXIS 1209 at *3 (quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)).

The redemption period expired on March 20, 2012 and the property was not redeemed. Plaintiff has not provided any factual basis for setting aside the foreclosure sale. Rubin did not file a Counter-Complaint until after the redemption period expired. She has not made any allegations of fraud or some other irregularity in the foreclosure proceedings that would entitled her to extend the redemption period. Plaintiff's Counter-Complaint, to the extent that it asserts an interest in the property, therefore, must be dismissed; Plaintiff no longer has an interest in the property at issue in this action. *See Carmack v. Bank of New York Mellon No.*, 12-11669, 2012 U.S. Dist. LEXIS 87470, *11 (E.D. Mich. June 25, 2012) (Steeh, J.) (unpublished) ("Plaintiff defaulted on his loan, failed to redeem his property within the statutory redemption period, and his allegations do not fall within the "clear showing of fraud, or irregularity" exception noted in *Overton*."); *Hana v. Wells Fargo Bank*, No. 11-14442, 2012 U.S. Dist. LEXIS 67648, *17 (E.D. Mich. May 15, 2012) (Borman, J.) (unpublished) ("Whether analyzed as an issue of standing or as a merits-based challenge, the Court agrees . . . that Plaintiffs cannot challenge the foreclosure and sale. . ." because the redemption period expired); *Brezzell v. Bank of America,* No. 11-11467, 2011 U.S. Dist. LEXIS 74291, *11 (E.D. Mich. July 11, 2011) (Edmunds, J.) (unpublished) ("Although the Court finds that the use of the 'standing' term is somewhat misleading, it still finds that *Overton* is applicable and Defendants are still entitled to dismissal because the redemption period has expired and Plaintiff has not shown the requisite fraud or irregularity in the foreclosure proceedings.").

Rubin argues that the statute of limitations to challenge the Sheriff's Sale is five years pursuant to MICH. COMP. LAWS § 600.5801. Section 600.5801(1) provides:

> No person may bring or maintain any action for the recovery or possession of any lands or make any entry upon any lands unless, after the claim or right to make the entry first accrued to himself or to someone through whom he claims, he commences the action or makes the entry within the periods of time prescribed by this section.
>
> (1) When the defendant claims title to the land in question by or through some deed made upon the sale of the premises by an executor, administrator, guardian, or testamentary trustee; or by a sheriff or other proper ministerial officer under the order, judgment, process, or decree of a court or legal tribunal of competent jurisdiction within this state, or by a sheriff upon a mortgage foreclosure sale the period of limitation is 5 years.

Although the applicable statute of limitations is five years, this does not get Rubin over the hurdle of showing fraud or some other irregularity in the foreclosure proceedings to justify setting aside the Sheriff's Sale. Rubin concedes that all her claims regarding the foreclosure proceeding itself are moot. The Court also finds that there is no merit in Rubin's due process and section 1983 claims because Fannie Mae is not a governmental actor. The Court dismisses Rubin's complaint.

### D. Rubin is Not Entitled to Injunctive Relief

In Count I, Rubin asks the Court to enjoin any eviction proceedings against her. She further asks that the foreclosure sale be set aside. Rubin's claim for injunctive relief fails because she has not stated a claim for relief. An injunction is a form of relief and not a separate cause of action. *See Terlecki v. Stewart*, 754 N.W.2d 899, 912 (Mich. Ct. App. 2008) ("It is well settled that an injunction is an equitable remedy, not an independent cause of action."). As Rubin fails to state an independent cause of action, her request for injunctive relief must also be dismissed.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Federal Housing Finance Agency's Motion to Dismiss [Docket No.

9, filed September 10, 2012] is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Fannie Mae's Motion to Dismiss [Docket No. 10, filed September 10, 2012] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS SO ORDERED**.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: November 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager